Jennifer Rust Murray
Oregon Bar No. 100389
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: jmurray@terrellmarshall.com
*Local Counsel for Plaintiff*

Carolyn H. Cottrell (to be admitted *pro hac vice*)
California Bar No. 166977
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
*Lead Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| CHARLENE KELLEY, Individually and on Behalf of the Class Members,<br><br>Plaintiff,<br><br>v.<br><br>WILLAMETTE VALLEY MEDICAL CENTER, LLC,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT; OREGON WAGE AND HOUR LAWS**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff Charlene Kelley ("Plaintiff") brings this class action on behalf of herself and putative Class members who have worked for Willamette Valley Medical Center LLC ("Defendant" or "WVMC") as nurses, nurse aides, nurse assistants, and other non-exempt hourly patient care workers at any time beginning six years before the filing of this complaint until

resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated patient care workers have been denied payment for all hours worked, including overtime, were subject to improper deductions from wages, and were denied meal periods in compliance with Oregon law. This case implicates the longstanding policy of WVMC, which fails to properly compensate non-exempt employees for work during unpaid meal periods and for work performed while "off-the-clock."

2. An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendant does not provide bona fide meal periods for its patient care workers who are responsible for patient care. Patient care workers who work for WVMC are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." Until approximately March or April of 2019, Defendant had a systematic policy of automatically deducting 30 minutes from Class members' time records. Instead of making these workers manually clock out for their meal periods then clock back in at the end of a meal period, WVMC assumed patient care workers were able to find a 30-minute block of time to enjoy a bona fide meal period where they are completely off-duty. In fact, this does not typically occur. Nonetheless, Defendant deducts 30 minutes from patient care workers' shifts for a meal period, when in fact patient care workers remain on duty and are continuously subject to interruption during that time.

3. After March/April 2019, Defendant changed this automatic time deduction policy to require Plaintiff and Class members to manually clock out for their unpaid meal periods. Regardless of whether Class members were required to manually clock out or if the time was automatically deducted, Defendant, along with Defendant's operating healthcare system, instituted policies and practices that result in patient care workers being responsible for patient care throughout their shift, even when they attempt to have a bite to eat. Despite having to manually clock out, Plaintiff and Class members are still required to remain on duty, get pulled out of their breaks, or would otherwise be subject to interruption during their unpaid meal

breaks. While the mechanics of deducting the meal break hours may have changed after March/April 2019, the effect remained the same: non-exempt hourly patient care workers are still subject to interruption and are on-duty during their unpaid meal breaks.

4. The policies and practices utilized at WVMC result in patient care workers being denied wages due under Oregon law. Under these policies and practices, non-exempt hourly workers involved in direct patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Defendant continues to require workers responsible for direct patient care to remain on duty and subject to interruptions during unpaid meal breaks.

5. Defendant violates state law by knowingly and willfully permitting Plaintiff and Class members to perform work and/or remain on duty during their unpaid meal breaks and subjecting them to interruptions during their unpaid meal breaks. Plaintiff and Class members also perform work before clocking in and after clocking out of their shifts for which they were not compensated. Defendant has notice that Plaintiff and Class members expect to be paid for their work on an hourly basis. Defendant received value of Plaintiff and Class members' work performed during their unpaid meal periods and while "off-the-clock" without compensating them for their services. Defendant willfully, deliberately, and voluntarily fails to pay Plaintiff and Class members for work performed.

6. Defendant's conduct violated and continues to violate Oregon state law because Oregon Revised Statute 653.261 and Oregon Administrative Rule 839-020-0030(3)(a) requires, for hourly employees like Plaintiff and the Class members, that hours worked in excess of forty per week be paid at a rate of one and one-half times the hourly rate for the number of hours worked in excess of forty. Defendant's conduct further violated and continues to violate Oregon meal period statutes, Oregon's requirement that all wages be paid upon separation of employment, and Oregon's prohibition on unlawful deductions from wages.

7. In addition, Plaintiff and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendant was and

is aware that Plaintiff and Class members perform this off-the-clock work, but fails to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate Oregon state law.

8.     Defendant's conduct violated and continues to violate Oregon's overtime and other wage statutes, meal period statutes, unlawful deduction from wages statute, and final pay statute. Because Defendant's conduct violated and continues to violate Oregon statutory wage and hour laws, Defendant is liable for the unpaid wages, penalty wages, other statutory penalties as provided by Oregon law, attorneys' fees and costs, as well as pre- and post-judgment interest.

9.     Therefore, Plaintiff files this action to recover on behalf of herself and Class members, all unpaid wages, compensation, penalties, and other damages owed to them under the state law, individually and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Class members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

10.     This court has subject matter jurisdiction over Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and Defendant are citizens of different states. Moreover, the number of proposed class members is believed to exceed 100.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant operates a hospital in this district, employs numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

12.     Plaintiff Charlene Kelley is an individual residing in McMinnville, Oregon and is a citizen of the State of Oregon. Ms. Kelley was employed as a certified nurse assistant by Defendant in McMinnville, Oregon at Willamette Valley Medical Center.

-4-

13. The Class members are all people who are or who have been employed by Defendant as nurses, nurse aides, nurse assistants, and other similar hourly and non-exempt employees with patient care responsibilities in the State of Oregon within the six years preceding the filing of this Complaint.

14. Defendant Willamette Valley Medical Center LLC is a Tennessee limited liability company with its principal place of business located in Brentwood, Tennessee. As such, Defendant is considered a citizen of Tennessee. Defendant may be served with process by serving its registered agent, C T Corporation System, 780 Commercial Street SE, Suite 100, Salem, Oregon 97301.

15. At all material times, Defendant has been an employer within the meaning of ORS § 653.010.

16. Plaintiff and Class members were and are employees of Defendant within the meaning of ORS § 653.010.

## FACTS

17. Defendant, along with its operating healthcare system, operates the Willamette Valley Medical Center in McMinnville, Oregon.

18. Defendant employs hundreds of hourly non-exempt workers at Willamette Valley Medical Center.

19. Defendant employs a payroll policy of not compensating hourly-paid patient care staff for work performed during their unpaid meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. This policy applies to all hourly-paid, non-exempt employees who are responsible for patient care.

20. In practice, employees involved in direct patient care like Plaintiff are not permitted to take a bona fide 30-minute uninterrupted meal break due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal or rest break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nursing staff and hospital staff, attend to the normal demands of

the job, and otherwise respond to emergencies. Regardless of the mechanism used to notate the unpaid meal break, whether the time is automatically deducted or Class members are required to manually clock out for meal breaks, Defendant's policies and practices systematically result in Class members remaining on-duty during their unpaid meal periods.

21.     Plaintiff was employed by Defendant as a CNA II at Willamette Valley Medical Center during the last six years, primarily in the medical/surgical department. Plaintiff worked as a non-exempt certified nursing assistant for Defendant between August 2014 through June 2020. At the end of her employment, Plaintiff's regular hourly rate of pay was $21.30 per hour. As a CNA II, Plaintiff's primary responsibilities included: providing patient care and monitoring, assisting nurses, doctors, and other hospital personnel, administering certain medical treatments and preparations for patients, interacting with other hospital employees and visitors, completing charting and other paperwork, and responding to emergency situations. Plaintiff was subjected to Defendant's timekeeping, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal breaks, and in fact was interrupted or denied meal breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendant's knowledge and was denied compensation for the time she spent engaged in this work.

22.     In addition to the work performed during unpaid meal periods, Plaintiff's and Class members' "off-the-clock" work also include cleaning, preparing and organizing equipment, interacting with patients, assisting other hospital staff, charting, and performing other various tasks before clocking in and after clocking out for the day. Plaintiff and Class members were not compensated for this work performed outside of their recorded hours. Upon information and belief, Defendant implements a policy and practice of requiring Class members to clock in within seven minutes of their scheduled start time, as well as to clock out within seven minutes of their scheduled end-of-day. Defendant also implements a policy and practice of rounding Class members' time entries to the nearest 15-minute increment.

23. Defendant's policies and practices, and the way in which those policies and practices are implemented at WVMC, encourage Plaintiff and Class members to arrive earlier than seven minutes for their shift to prepare for their day, but instructs these workers not to clock in until within seven minutes of their scheduled start time. For example, on average, Plaintiff arrived 15-to-20 minutes before her shift was scheduled to start but was instructed not to clock in until seven minutes before her shift was scheduled to start. Defendant's implementation of this seven-minute-rule and rounding policy results in Class members performing work while not clocked in, and results in a rounding policy that favors Defendant more often than it favors the Class members.

24. Class members were and are employed by Defendant and performed work materially similar to Plaintiff.

25. Plaintiff and Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

26. Plaintiff and Class members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

27. At the end of each pay period, Plaintiff and Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

28. Defendant pays Plaintiff and Class members on an hourly rate basis.

29. Plaintiff worked more than forty hours in at least one workweek during the two years before this Complaint was filed. Plaintiff was generally scheduled to work 12-hour shifts, three shifts per week, and would pick up an additional shift between once a month and once every two months. Plaintiff worked in excess of 40 hours in a workweek during those weeks when she picked up additional shifts. On average, Plaintiff worked 12 to 13 hours each shift and between 48 and 52 hours per week.

30. Class members worked more than forty hours in at least one workweek during the two years before this Complaint was filed.

31. When Plaintiff and Class members work more than forty hours in a workweek, Defendant does not pay them one and one-half times their regular hourly rate for all hours worked due to Defendant's failure to include time worked during unpaid meal periods and "off-the-clock" work in the total hours of worked in a given work week. This unpaid time is compensable under the Oregon law because (1) Plaintiff and Class members are not completely relieved of their duties, (2) they are interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skip the meal periods due to work demands and the consistent demands of patient care.

32. Throughout the relevant time period, Defendant expects and requires Plaintiff and Class members to be available to work during their entire shifts, even during any attempted meal breaks. These unpaid 30-minute intervals of time constitute compensable time under Oregon law because Oregon Administrative Rule 839-020-0050 requires that employees who have worked at least six hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. *See* OAR 839-020-0050(2)(b). When an employee's work is more than eight hours, the employer must provide the employee the number of meal periods and rest periods listed in Appendix A of Oregon Administrative Rule 839-020-0050. According to Appendix A, for lengths of work period between 10 hours and 1 minute to 13 hours and 59 minutes, employees are entitled to at least one meal period of 30 minutes.

33. Defendant has employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

34. Defendant's method of paying Plaintiff and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with Oregon law.

## RULE 23 CLASS ACTION ALLEGATIONS

35. Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Class

that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees with patient care responsibilities, including but not limited to nurses, nursing aides, nursing assistants, technicians, non-exempt therapists, or other employees with similar patient care job duties employed by Defendant in Oregon at any time starting six (6) years prior to the filing of this Complaint until final resolution of this action.**

36. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

37. <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Oregon Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Oregon Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Oregon Class and Defendant.

38. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Oregon Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

    A.    Whether Defendant fails to pay Plaintiff and Oregon Class members for all hours worked;

    B.    Whether Defendant pays Plaintiff and Oregon Class members on an hourly basis;

    C.    Whether Defendant fails to keep accurate records of employees' hours of work and wages;

    D.    Whether Defendant fails to pay Plaintiff and Oregon Class members at

their regular rate of pay for all hours worked that were not in excess of forty hours in a workweek;

E. Whether Defendant fails to pay Plaintiff and Oregon Class members at an overtime rate for all hours worked in excess of forty in a workweek;

F. Whether Defendant fails to authorize and permit Plaintiff and Oregon Class members to take a bona fide and uninterrupted meal break to which they are entitled under Oregon law;

G. Whether Defendant fails to compensate Plaintiff and Oregon Class members for all work performed off-the-clock at their regular rate of pay for hours worked that were not in excess of forty in a workweek in violation of Oregon law;

H. Whether Defendant fails to compensate Plaintiff and Oregon Class members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Oregon law;

I. Whether Defendant's policy and practice of subjecting Class members to unpaid meal breaks that are not bona fide, off-duty, continuous, and uninterrupted violates Oregon law;

J. Whether Defendant's policy and practice of automatic time deductions for meal periods that are not bona fide, off-duty, continuous, and uninterrupted meal periods violates Oregon law;

K. Whether Defendant's policy and practice of failing to pay Plaintiff and Oregon Class members all wages due upon the end of their employment violates Oregon law;

L. Whether Plaintiff and Oregon Class members are entitled to civil and statutory penalties;

      M.      Whether Plaintiff and Oregon Class members are entitled to liquidated or penalty wage damages;

      N.      The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Oregon Class as alleged herein; and

      O.      Whether Defendant's actions were "willful" as that term is understood in Oregon wage and hour law.

39. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Oregon Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Oregon Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Oregon Class.

40. <u>Adequacy of Representation</u>:  Plaintiff seeks compensatory and equitable relief for the past and prospective state law violations that were perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Oregon Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

41. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

42. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible

standards of conduct for Defendant.

43. If each individual Class member was required to file an individual lawsuit, Defendant would necessary gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

44. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF ORS § 653.261 AND OAR 839-020-0030
### FAILURE TO PAY OVERTIME
### (On Behalf of Plaintiff and Class Members)

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Pursuant to ORS § 653.261, Defendant is required to pay Plaintiff and Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

47. Class members are entitled to recover unpaid overtime under Oregon law for unpaid meal breaks during which they are interrupted, on-duty, or otherwise subject to interruption, as well as for time worked before clocking in and after clocking out for their shifts that went uncompensated.

48. Plaintiff and Class members are also entitled to declaratory relief stating Defendant violated the statute, and continues to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above, during weeks in which they work at least 40 hours.

49. Plaintiff and Class members further seek declaratory relief stating Defendant violates ORS § 653.261 and OAR 839-020-0030 for failing to compensate Plaintiff and Class members for "off-the-clock" work performed for the benefit of Defendant during weeks in which

they work at least 40 hours.

50.     Class members who are within the applicable two-year statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS § 652.200; ORS § 82.010.

### SECOND CLAIM FOR RELIEF
### VIOLATIONS OF ORS § 652.610
### UNLAWFUL DEDUCTIONS FROM WAGES
### (On Behalf of Plaintiff and Class members)

51.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52.     Defendant deducts wages from Plaintiff and Class members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and Class members for "off-the-clock" work performed during unpaid meal periods, before clocking in, and after clocking out. Said withholdings were unauthorized and in violation of ORS § 652.610.

53.     As a result of Defendant's wrongful withholdings, Plaintiff and Class members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS § 652.615. Defendant is liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS 12.080(1).

54.     Because of Defendant's failure to pay Plaintiff's and Class members' wages within 48 hours after they were due, Plaintiff and Oregon Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

55.     Further, because of Defendant's wrongful withholding from Plaintiff's and Class members' wages, Plaintiff and Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF ORS § 652.140**
**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**
**(On Behalf of Plaintiff and Class members)**

56. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

57. ORS § 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." *See* ORS § 652.140(1).

58. ORS § 652.140 further requires that individuals who provide at least 48 hours' notice of an intent to quit must immediately be paid all wages earned and unpaid at the time their resignation becomes effective. If the employee quits with less than 48 hours' notice, the employer must pay all wages earned and unpaid within five days."

59. ORS § 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS § 652.140 . . . , then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. *See* ORS § 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. *See* ORS § 652.150(1)(a).

60. Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS § 12.080(1)).

61. As described above, Defendant enacted a policy that deprives Plaintiff and Class members compensation for all hours worked, including unpaid meal breaks and work duties performed "off-the-clock." As a result, Defendant failed to pay Plaintiff and Class members all

wages due and owing after separation from employment in violation of ORS § 652.140.

63. In failing to pay all wages due upon separation of employment, Defendant knew that Plaintiff and Class members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and Class members at the date of termination. Defendant was capable of paying all wages earned and due at termination.

63. Defendant's failure to make payment of Plaintiff's and Class members' final wages when due was willful and continued for not less than 30 days.

64. On November 23, 2020, Plaintiff's attorney sent written notice of the wage claim to Defendant. Defendant received this written notice on November 30, 2020, per USPS tracking records. Defendant failed to pay all wages due within twelve (12) days of receipt of Plaintiff's written demand.

65. Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $5,112,[1] pursuant to ORS § 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, Class members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS § 652.150.

66. Because of Defendant's failure to pay Plaintiff's and Class members' wages within the time required by law, Plaintiff and Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

67. Plaintiff and Class members seek statutory wages pursuant to ORS § 652.150; plus costs, disbursements and attorney fees pursuant to ORS § 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

---

[1] Plaintiff's regular hourly rate of $21.30, multiplied by 8 hours per ORS § 652.150, multiplied by the maximum 30 days.

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF OAR 839-020-0050**
**MEAL BREAK VIOLATIONS**
**(On Behalf of Plaintiff and Class members)**

68.  Plaintiff incorporates all allegations contained in the foregoing paragraphs.

69.  Pursuant to OAR 839-020-0050, employees who have worked at least six hours are entitled to a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties. *See* OAR 839-020-0050(2)(a). Except as otherwise provided in the rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period. *See* OAR 839-020-0050(2)(b).

70.  Defendant implemented a policy that automatically deducts 30-minutes from Plaintiff and Class members' time for each shift worked, even though Plaintiff and Class members remain on-duty, subject to interruption, and are often interrupted during their meal breaks.

71.  Because Plaintiff and Class members' meal breaks are subject to interruption, are on duty, are not continuous, and are not relieved of all duties during the break, Defendant's unpaid meal period policy, whether by automatic time deduction or by requiring Class members to manually clock out for meal periods, was and is in violation of OAR 839-020-0050, and Plaintiff and Class members should be reimbursed for back wages for the entire 30 minutes from each shift.

72.  Plaintiff is further entitled to declaratory relief that Defendant's past and ongoing meal period policies are in violation of the Oregon meal break requirements.

73.  Plaintiff and Class members are entitled to recover unpaid wages at their regular hourly rate for the 30 minutes for each work period where that unpaid meal break took place. Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages.

74. Defendant's violation of the Oregon meal break rules was willful, as that term is used in ORS § 652.150. Defendant's violation was willful because the unpaid meal period policies were and are implemented purposefully and not as a product of inadvertence.

75. Plaintiff and Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615 and/or § 652.200, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## RELIEF SOUGHT

76. Plaintiff and Class members are entitled to recover their unpaid overtime wage compensation.

77. Plaintiff and Class members are entitled to recover all back wages for improper deductions of wages under ORS § 652.610 for compensable time that was otherwise deducted from their pay, including uncompensated time worked "off-the-clock."

78. Plaintiff and Class members are entitled to recover back wages for meal period violations for 30 minutes at their regular hourly rate of pay for each day worked.

79. Plaintiff and Class members are entitled to statutory penalty wages pursuant to ORS § 652.150, for the continuation of Plaintiff's and Class members' unpaid final wages for not less than 30 days for Defendant's violations of ORS § 652.140 (payment of wages upon termination of employment).

80. Plaintiff and Class members are entitled to actual damages or civil penalties of $200 per violation, whichever is greater, for each violation of ORS § 652.610 (unlawful deduction from wages).

81. Plaintiff and Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

82. Plaintiff and Class members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

## **PRAYER**

83. For these reasons, Plaintiff and Class members respectfully request that judgment be entered in their favor awarding the following relief:

    A. An order preventing Defendant from retaliating in any way against Plaintiff and any Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

    B. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

    C. An order finding that Defendant violated Oregon law;

    D. All unpaid regular wages due under Oregon law;

    E. All unpaid overtime wages due under Oregon law;

    F. All statutory penalty wages due under Oregon law;

    G. All actual damages or civil penalties of $200 per violation, whichever is greater, due under ORS § 652.610;

    H. All attorneys' fees, costs and disbursements as provided by Oregon law;

    I. Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law; and

    J. Such other and further relief to which Plaintiff and Class members may be entitled at law or in equity.

Dated: December 17, 2020.

/s/ Jennifer Rust Murray
Jennifer Rust Murray, Oregon Bar No. 100389
Email: jmurray@terrellmarshall.com
Beth E. Terrell (to be admitted *pro hac vice*)
Email: bterrell@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
*Attorneys for Plaintiff*

Carolyn H. Cottrell (to be admitted *pro hac vice*)
California Bar No. 166977
Ori Edelstein (to be admitted *pro hac vice*)
California Bar No. 268145
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
*Lead Attorney for Plaintiff*

William M. Hogg (to be admitted *pro hac vice*)
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
Email: whogg@schneiderwallace.com
*Of Counsel for Plaintiff*