Carolyn H. Cottrell (*pro hac vice*)
Ori Edelstein (*pro hac vice*)
Eugene Zinovyev (*pro hac vice*)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com
*Lead Attorneys for Plaintiff*

Jennifer Rust Murray
Oregon Bar No. 100389
**TERRELL MARSHALL**
**LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103
Tel: (206) 816-6603
Fax: (206) 319-5450
jmurray@terrellmarshall.com
*Local Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **CHARLENE KELLEY, Individually and on Behalf of the Class Members,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WILLAMETTE VALLEY MEDICAL CENTER, LLC,**<br><br>**Defendant.** | Case No. 3:20-cv-02196-SB<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Request for Oral Argument** |

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## MOTION

Plaintiff Charlene Kelley hereby moves for final approval of the Class and Collective Action Settlement Agreement ("Settlement Agreement" or "Settlement") referred to in Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement (ECF No. 118) and attached as **Exhibit 1** to the Declaration of Carolyn H. Cottrell in support of that motion. (ECF No. 119-1). As such, Plaintiff moves for an Order:

(1) Granting final approval of the Settlement Agreement;

(2) Finally certifying the Class for settlement purposes;

(3) Finally appointing and approving Plaintiff Charlene Kelley as Class Representative;

(4) Finally appointing and approving Schneider Wallace Cottrell Konecky LLP ("SWCK") and Terrell Marshall Law Group PLLC ("TMLG") as Counsel for the Class and Collective members;

(5) Finally appointing and approving costs to Phoenix Class Action Administration Solutions ("Phoenix") in the amount of $12,500.00 for its services as Settlement Administrator; and

(6) Finally approving the implementation schedule set forth herein and in the proposed order submitted herewith.

Plaintiff brings this Motion under Federal Rule of Civil Procedure 23(e) and the long-established precedent requiring Court approval for Fair Labor Standards Act ("FLSA") settlements. The Motion is based on the following Memorandum of Points and Authorities, the Declaration of Carolyn H. Cottrell in Support of Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs and Service Award ("Cottrell Fee Decl.") (ECF No. 126), the Declaration of Carolyn H. Cottrell in Support of Plaintiff's Unopposed Motion for Preliminary

Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement; MPA – Page **2** Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Approval of Class and Collective Action Settlement ("Cottrell Prelim. Decl.") (ECF No. 119), the

Declaration of Kevin Lee (Settlement Administrator, Phoenix Class Action Administration

Solutions) ("Lee Decl."); the Declaration of Jennifer Rust Murray filed in support of Plaintiff's

Motion for Approval of Attorneys' Fees and Costs ("Murray Decl.") (ECF No. 127), all other

records, pleadings, and papers on file in the action, and such other evidence or argument as may

be presented to the Court at the hearing on this Motion. Plaintiff also submits a proposed Final

Approval Order and Judgment with her moving papers.


Date: March 1, 2024                                  Respectfully Submitted,

                                                     */s/ Carolyn H. Cottrell*
                                                     Jennifer Rust Murray, OSB No. 100389
                                                     **TERRELL MARSHALL**
                                                     **LAW GROUP PLLC**
                                                     936 North 34th Street, Suite 300
                                                     Seattle, Washington 98103-8869
                                                     Phone: (206) 816-6603
                                                     Fax: (206) 319-5450
                                                     jmurray@terrellmarshall.com

                                                     Carolyn H. Cottrell (*pro hac vice*)
                                                     Ori Edelstein (*pro hac vice*)
                                                     Eugene Zinovyev (*pro hac vice*)
                                                     **SCHNEIDER WALLACE**
                                                     **COTTRELL KONECKY LLP**
                                                     2000 Powell Street, Suite 1400
                                                     Emeryville, California 94608
                                                     Phone: (415) 421-7100
                                                     Fax: (415) 421-7105
                                                     ccottrell@schneiderwallace.com
                                                     oedelstein@schneiderwallace.com
                                                     ezinovyev@schneiderwallace.com

                                                     *Attorneys for Plaintiff, Class, and Collective*
                                                     *Members*

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** ......................................................... 11

I.    INTRODUCTION ................................................................................................................ 11

II.   FACTUAL BACKGROUND ............................................................................................. 12

    A.   Notice of Settlement and Response of Class Members .................................................... 12

III.  TERMS OF THE SETTLEMENT .................................................................................... 14

    A.   Basic Terms and Value of the Settlement. ...................................................................... 14

    B.   Class and Collective Definitions. ..................................................................................... 15

    C.   Allocation and Awards. .................................................................................................... 15

    D.   Scope of Release. .............................................................................................................. 17

IV.   ARGUMENT ...................................................................................................................... 17

    A.   Class Action Settlements are Favored in the Ninth Circuit. ........................................... 17

    B.   The Best Practicable Notice was Provided to the Class Members. .................................. 20

    C.   The Settlement Warrants Final Approval. ....................................................................... 21

        1.   The Settlement is Entitled to a Presumption of Fairness Because it is the Product of Informed, Non-Collusive, Arm's Length Negotiations ............................... 22

        2.   The Class Members Support the Settlement ............................................................... 22

        3.   The Action Involves Significant Risk and the Possibility of Extensive Further Litigation ...................................................................................................... 23

        4.   The Settlement Amount Favors Approval .................................................................. 24

        5.   Extensive Informal Discovery has been Completed. .................................................. 25

        6.   Class Counsel are Highly Experienced ...................................................................... 26

    D.   The Court Should Finally Certify the Class. .................................................................... 27

        1.   The Class is Numerous and Ascertainable .................................................................. 27

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**2.** Plaintiff's Claims Raise Common Legal and Factual Issues .......................................... 27

**3.** Plaintiff's Claims are Typical of the Claims of the Class ............................................... 28

**4.** Plaintiff and Class Counsel will Adequately Represent the Class ............................... 29

**5.** Rule 23(b) is also Satisfied ............................................................................................. 29

**6.** The Class Representative Service Payment and Requested Attorneys' Fees
and Costs are Reasonable................................................................................................ 31

V.  THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE ............................... 32

VI. CONCLUSION................................................................................................................... 33

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Amaraut v. Sprint/United Mgmt. Co.*,
  No. 19-cv-411-WQH-AHG, 2021 U.S. Dist. LEXIS 147176
  (S.D. Cal. Aug. 5, 2021) ............................................................................................ 17

*Amchem Prod., Inc. v. Windsor*,
  521 U.S. 591 (1997).................................................................................................... 29

*Bell v. Consumer Cellular, Inc.*,
  No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401
  (D. Or. June 21, 2017)............................................................................................ 23, 24

*Boyd v. Bechtel Corp.*,
  485 F.Supp. 610 (N.D. Cal. 1979) ............................................................................. 23

*Burney v. Dolich*,
  No. 3:14-cv-01005-AC, 2019 U.S. Dist. LEXIS 29836
  (D. Or. Feb. 25, 2019)................................................................................................. 25

*Carter v. Anderson Merchandisers, LP*,
  No. EDCV 08-0025-VAP OPX, 2010 WL 1946784
  (C.D. Cal. May 11, 2010) ........................................................................................... 24

*Churchill Village, LLC. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004)....................................................................................... 19

*Clifton v. Babb Constr. Co.*,
  No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951
  (D. Or. Oct. 1, 2014)................................................................................................... 18

*Cody v. Hillard*,
  88 F.Supp.2d 1049 (D.S.D. 2000)............................................................................... 20

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
  No. 13-CV-05456-HSG, 2016 WL 153266
  (N.D. Cal. Jan. 13, 2016) ........................................................................................... 16

*Fenn v. Hewlett-Packard Co.*, No.
  1:11-cv-00244-BLW, 2012 U.S. Dist. LEXIS 181586
  (D. Idaho Dec. 21, 2012) ............................................................................................ 17

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Franklin v. Kaypro Corp.*,
884 F.2d 1222 (9th Cir. 1989) ................................................................. 17

*Grewe v. Cobalt Mortg., Inc.*,
No. C16-0577-JCC, 2016 U.S. Dist. LEXIS 98224
(W.D. Wash. July 27, 2016) ..................................................................... 17

*Grunin v. Int'l House of Pancakes*,
513 F.2d 114 (8th Cir. 1975) .................................................................... 19

*Guilbaud v. Sprint Nextel Corp.*,
No. 3:13-CV-04357-VC, 2016 WL 7826649
(N.D. Cal. Apr. 15, 2016) ......................................................................... 18

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ..................................................... 16, 20, 26, 27

*In re Am. Bank Note Holographics, Inc.*,
127 F.Supp.2d 418 (S.D.N.Y. 2001) ........................................................ 20

*In re AutoZone, Inc., Wage & Hour Emp't Practices Litig.*,
289 F.R.D. 526 (N.D. Cal. 2012),
*aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019) .............. 21

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .................................................................... 22

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) .................................................................. 20

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
654 F.3d 935 (9th Cir. 2011) .................................................................... 23

*Jones, et al. v. CertifiedSafety, Inc.*,
Case No. 3:17-cv-02229-EMC, ECF 232
(N.D. Cal. June 1, 2020) ........................................................................... 17

*Kilbourne v. Coca-Cola Co.*,
No. 14CV984-MMA BGS, 2015 WL 5117080
(S.D. Cal. July 29, 2015) .......................................................................... 21

*Lane v. Kitzhaber*,
283 F.R.D. 587 (D. Or. 2012) ................................................................... 25

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Langford v. Devitt*,
127 F.R.D. 41 (S.D.N.Y. 1989) ................................................................. 19

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690
(E.D. Cal. Sept. 11, 2008) ......................................................................... 23

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) .......................................................... 16, 17

*Mandujano v. Basic Vegetable Prods., Inc.*,
541 F.2d 832 (9th Cir. 1976) ............................................................... 18, 20

*Monterrubio v. Best Buy Stores, L.P.*,
291 F.R.D. 443 (E.D. Cal. 2013) .............................................................. 23

*O'Connor v. Uber Techs., Inc.*,
No. 13-cv-03826-EMC, 2019 U.S. Dist. LEXIS 157070
(N.D. Cal. Sep. 13, 2019) .......................................................................... 18

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) .......................................................... 17, 19, 23, 29

*Otey v. CrowdFlower, Inc.*,
No. 12-CV-05524-JST, 2015 WL 153266
(N.D. Cal. Oct. 16, 2015) ...................................................................... 16, 17

*Rannis v. Recchia*,
380 F. App'x 646 (9th Cir. 2010) .............................................................. 25

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ..................................................................... 23

*Rolex Emps. Ret. Tr. v. Mentor Graphics Corp.*,
136 F.R.D. 658 (D. Or. 1991) .................................................................... 25

*Soto, et al. v. O.C. Commc'ns, Inc., et al.*,
Case No. 3:17-cv-00251-VC, ECF 299, 305
(N.D. Cal. Oct. 23, 2019) ........................................................................... 18

*Swearingen v. Amazon*,
No. 3:19-cv-1156-JR, 2021 U.S. Dist. LEXIS 247173
(D. Or. July 19, 2021) ................................................................................ 26

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ................................................................................. 18

*Viceral v. Mistras Grp., Inc.*,
   No. 15-cv-02198-EMC, 2017 U.S. Dist. LEXIS 23220
   (N.D. Cal. Feb. 17, 2017) ........................................................................... 18, 23

*Villafan v. Broadspectrum Downstream Servs.*,
   No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152
   (N.D. Cal. Nov. 20, 2020) .................................................................................. 21

*Villanueva v. Liberty Acquisitions Servicing, LLC*,
   319 F.R.D. 307 (D. Or. 2017) ........................................................................... 27

*Wang v. Chinese Daily News, Inc.*,
   737 F.3d 538 (9th Cir. 2013) ............................................................................ 26

*Wren v. RGIS Inventory Specialists*,
   No. C-06-05778 JCS, 2011 WL 1230826
   (N.D. Cal. Apr. 1, 2011) ........................................................................ 19, 20, 24

*York v. Starbucks Corp.*,
   No. CV 08-07919 GAF PJWX, 2011 WL 8199987
   (C.D. Cal. Nov. 23, 2011) ................................................................................. 21

## STATUTES

29 U.S.C. § 216(b) ...................................................................................................... 16

Fed. R. Civ. P. 23(e)(2) .......................................................................................... 16, 19

Fed. R. Civ. P. 23(a) ................................................................................................... 16

Fed. R. Civ. P. 23(a)(1) .............................................................................................. 25

Fed. R. Civ. P. 23(a)(2) .......................................................................................... 25, 26

Fed. R. Civ. P. 23(a)(3) .............................................................................................. 26

Fed. R. Civ. P. 23(a)(4) .............................................................................................. 27

Fed. R. Civ. P. 23(b)(3) ...................................................................................... 26, 27, 28

Fed. R. Civ. P. 23(e) ................................................................................................... 15

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**TREATISES**

*Manual for Complex Litigation* (4th ed. 2004) ............................................................ 16

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.     <u>INTRODUCTION</u>

Plaintiff Charlene Kelley achieved an excellent non-reversionary $2,900,000.00 class and collective action Settlement[1] on behalf of Defendant's non-exempt employees. Notice has been disseminated pursuant to the Court's Preliminary Approval Order, and the response of the Class Members has been overwhelmingly favorable. Plaintiffs now seek final approval to effectuate the Settlement and bring closure to over three years of intensive litigation.

The Settlement resolves the claims of approximately 692 Class Members, including the 91 FLSA Collective Members. The $2,900,000.00 Settlement provides substantial recoveries to the Class Members, thereby providing a favorable result to hundreds of wage and hour claims unlikely to have been prosecuted as individual actions. The approximate average gross recovery is an impressive $4,190.75 per Class Member. Even after the deductions from the Gross Settlement Amount as set forth in the Settlement, the approximate average net recovery is $2,726.19 per Class Member, and the highest award to be paid is approximately $9,136.04.[2] There are 461 awards to be issued in an amount over $1,000. (Lee Decl., ¶ 14).

These robust recoveries resulted in an overwhelmingly positive response to the Settlement and confirms that the Settlement is fair, reasonable, and adequate in all respects. To date, no Class Member has objected to the Settlement or requested exclusion. Given the positive response of the Class, and that the Settlement will provide significant monetary payments to the affected patient care workers, among other reasons discussed below, Class Counsel respectfully submits that the Court should approve the Settlement.

---

[1] The Settlement is attached as **Exhibit 1** to the Declaration of Carolyn H. Cottrell filed in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement. (ECF No. 119). ("Cottrell Prelim. Decl.").
[2] *See* the Declaration of Kevin Lee ("Lee Decl."), ¶ 14, filed concurrently herewith.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## II.    FACTUAL BACKGROUND

The procedural and factual history of this Action has been well-documented in Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Settlement (ECF No. 118) and in Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs and for Service Award (ECF No. 125). For purposes of this motion, Plaintiff focuses on the notice process.

### A.    Notice of Settlement and Response of Class Members

Following the Court's preliminary approval order, the Settlement Administrator, Phoenix, received from Defendant the Class and Collective Data, which contained each Class Member's name, last-known mailing address, social security number, employee identification number, email address, and dates of employment and/or number of workweeks worked during the Class Period as a Class Member and number of workweeks worked during the FLSA Collective Period. (Lee Decl., ¶ 3). On December 29, 2023, Phoenix disseminated the Class and Collective Notice Packets ("Notices") via U.S. mail to 690 recipients. (Lee Decl., ¶ 5). During the response period, Phoenix was made aware of two requests to be added to the Class and Collective Data. (Lee Decl., ¶ 6). The necessary information was provided to Phoenix by Defendant's Counsel, and these two individuals were mailed Notice on January 26, 2024; accordingly, their response deadline expired on February 26, 2024. (*Id.*). Accounting for these additions, there are 692 Class and Collective Action Members. [3] (*Id.*).

The Notice informed the Class Members of the Settlement terms; their expected Settlement Share; the deadline to submit objections, requests for exclusion, and disputes; the March 15, 2024 final approval hearing; the names and contact information for Class Counsel and Defendant's Counsel; and that Plaintiff would seek attorneys' fees, costs, and a service award

---

[3] In her preliminary approval motion, Plaintiff estimated the number of Class Members to be 770. (*See, e.g.*, ECF No. 118, p. 23). As set forth in the Lee Decl., there are in fact 692. (Lee Decl., ¶ 6). This smaller Class size favors the Class by increasing the average recovery, as discussed below.

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

and the corresponding amounts. (*See* ECF No. 123-2). The Court preliminarily determined that the Notice "fully and accurately inform[ed] the Class Members of all material elements of the proposed Settlement, or their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement." (ECF No. 123).

As of January 29, 2024, six Notices had been returned as undeliverable without a forwarding address, but Phoenix performed skip-tracing to identify alternative mailing addresses, and all six returned Notices were successfully remailed. (*See* Lee Decl., ¶¶ 4, 7). The deadline for Class Members to opt out, object, and dispute their reported workweeks expired on January 29, 2024 (with the exception of the two late additions, whose deadline expired on February 26, 2024). (*Id.* at ¶ 8). To date, not a single objection has been filed and no Class Member has requested exclusion from the Settlement. (*Id.* at ¶¶ 8, 9).

In addition to distributing the Notices, Phoenix was responsible for creating a website containing key settlement notice documents and information; setting up a toll-free telephone number to receive calls from Class Members; responding to inquiries from Class and Collective Members; receiving and reviewing for validity completed requests for exclusion; providing the parties with weekly status reports about the delivery of the Notices and receipt of completed requests for exclusion; calculating the number of weeks each Class and Collective Member worked during the Class Period and FLSA Collective Period, as applicable; and calculating estimated Settlement Shares. Following final approval, Phoenix will be responsible for calculating final Settlement Shares, issuing the checks to effectuate the payments due under the Settlement; sending reminders to Class Members; issuing the tax reports required under the Settlement; and otherwise administering the Settlement pursuant to the Agreement. (ECF No. 119-1, ¶ III.D; Lee Decl., ¶ 2).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## III.  TERMS OF THE SETTLEMENT

### A.    Basic Terms and Value of the Settlement.

Defendant has agreed to pay a non-reversionary Gross Settlement Amount of $2,900,000.00 to settle the case, plus any employer payroll taxes on the portion of settlement shares allocated to wages which shall be separately paid by Defendant. (ECF No. 119-1, ¶ III.A). The Net Settlement Amount,[4] which is the amount available to pay settlement awards to the Class Members, is defined as the portion of the Gross Settlement Amount remaining after deduction of the Class Representative Service Payment (up to $15,000.00 to Plaintiff), the Settlement Administration Costs to the Settlement Administrator (not to exceed $12,500.00), the Class Counsel Fees Payment (one-third of the Gross Settlement Amount, or $966,666.66), and Class Counsel's Litigation Expenses Payment (not to exceed $25,000.00). (ECF No. 119-1, ¶ I.I).

The Gross Settlement Amount is a negotiated amount that resulted from arm's length negotiations and significant investigation and analysis by Plaintiff's counsel. (Cottrell Prelim. Decl., ¶ 26). Plaintiff's counsel based their damages analysis on formal and informal discovery, including payroll and timekeeping data, depositions of seven witnesses, including Defendant's FRCP 30(b)(6) designee, and approximately 100 interviews with Class Members. (*Id.*; Cottrell Fee Decl., ¶ 15).

The negotiated non-reversionary Gross Settlement Amount of $2,900,000.00 represents approximately 20% of the $14,618,668.36 that Plaintiff calculated for all claims. (Cottrell Prelim. Decl., ¶ 35). These figures reflect a best-case scenario. (*Id.*). To obtain such a result at trial, Plaintiff would have had to prove that all Class Members experienced the violations at the levels described above for every shift and every assignment, and that Defendant acted knowingly or in bad faith.

---

[4] This amount is also referred to as the "Class Net Settlement Fund" in the Settlement Agreement. (ECF No. 119-1, ¶ I.I).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

(*Id.*).

Plaintiff and her counsel considered the significant risks of continued litigation when considering the proposed Settlement. (Cottrell Prelim. Decl., ¶ 36). These risks were front and center, particularly given the nature of the off-the-clock work, which would be challenging to certify as a class action and/or to prove on the merits, as well as the challenging nature of certifying and proving the merits of the interrupted meal break claims. (*Id.*). In contrast, the Settlement will result in immediate and certain payment to the Class and Collective members of meaningful amounts. (*Id.* at ¶ 37). These amounts provide significant compensation to the Class and Collective members, and the Settlement provides an excellent recovery in the face of expansive and uncertain litigation. (*Id.*). In light of all the risks, the settlement amount is fair, reasonable, and adequate. (*Id.*).

### B.    Class and Collective Definitions.

The Class is defined as all current and former hourly, non-exempt employees employed by Defendant in Oregon at any time from December 18, 2014 through August 30, 2023, in one or more of the job classifications listed in the Settlement. (Cottrell Prelim. Decl., ¶ 38; ECF No. 119-1, ¶ I.B).

The FLSA Collective is defined as all current and former hourly, non-exempt employees employed by Defendant in Oregon in one or more of the job classifications listed in the Settlement at any time from December 18, 2017 through August 30, 2023 and who filed consents to join this Action on or before August 30, 2023. (Cottrell Prelim. Decl., ¶ 39; ECF No. 119-1, ¶ I.R). There are 91 FLSA Collective Members.

### C.    Allocation and Awards.

The Net Settlement Amount to be paid to Participating Class Members is approximately

Plaintiff's Unopposed Motion for Final Approval of
Class and Collective Action Settlement; MPA – Page **15**
Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

$1,883,787.93.[5] (Lee Decl., ¶ 13). Each Class Member's Settlement Share will be determined as a *pro rata* share of the Net Settlement Amount based on the total number of workweeks each Class Member was employed during the Class and Collective Periods. (Cottrell Prelim. Decl., ¶ 41; ECF No. 119-1, ¶ III.C.2).[6] Based on the outstanding Settlement achieved in this Action, the approximate average net recovery for each Class Member is an impressive $2,726.19, and the highest award to be paid is $9,136.04. (Lee Decl., ¶ 14). There are 461 awards to be issued in an amount over $1,000. (*Id.*).

One-fourth of each Settlement Share is in settlement of wage claims and three-fourths of each Settlement Share is in settlement of claims for interest, liquidated damages, exemplary damages, and penalties. (ECF No. 119-1, ¶ III.C.3). Class Members were able to object to the Settlement, dispute their workweeks, or request exclusion by submitting a valid request within 30 days after the Settlement Administrator mails the Notices. (Cottrell Prelim. Decl., ¶ 42; Lee Decl., ¶ 11).

Settlement Award checks will remain valid for 180 days from the date of their mailing. (ECF No. 119-1, ¶ III.E.11). If Settlement Award checks are not cashed within 120 days, the Settlement Administrator will send a notice that the check will expire in 60 days. (ECF No. 119-1, ¶ III.E.12). At the end of the 180 day check cashing period, if the uncashed Settlement Share checks equal or exceed $50,000.00, Phoenix will make a second distribution of the uncashed funds on a *pro rata* basis to the Participating Class Members and Opt-In Plaintiffs who previously cashed their checks. (ECF No. 119-1, ¶ III.E.12). If a check is returned as undeliverable during the second distribution or if there are uncashed checks from the second distribution, then the amount will

---

[5] This is the Gross Settlement Amount of $2,900,000.00 minus $966,666.66 (Class Counsel's fees), $22,035.41 (Class Counsel's costs), $15,000.00 (Plaintiff's service award), and $12,500.00 (Phoenix's costs).
[6] Participating Class Members who are also Opt-In Plaintiffs will receive an increased Settlement Share to reflect the increased value of claims under the FLSA. (*See* ECF No. 119-1, ¶ III.C.2.a.ii).

Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement; MPA – Page **16**
Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

revert to Legal Aid Service of Oregon as a *cy pres* beneficiary. (*Id.*). If the uncashed Settlement Share checks are less than $50,000.00, the undistributed amount will be distributed to Legal Aid Service of Oregon as a *cy pres* beneficiary, and the Participating Class Members and Opt-In Plaintiffs will remain bound by the Settlement. (ECF No. 119-1, ¶ III.E.13).

**D.    Scope of Release.**

As of the Effective Date,[7] Plaintiff and the Participating Class Members will release Defendant from any claims that were alleged or could have been alleged based on the facts in the Complaint. (ECF No. 119-1, ¶ III.F.1). The Class release period extends from December 17, 2014 through November 15, 2023. (*Id.*). As of the Effective Date, FLSA Collective Members will release Defendant from all FLSA claims that were alleged or could have been alleged based on the facts in the Complaint. (ECF No. 119-1, ¶ III.F.2). The Collective release period extends from the date that is three years prior to the date a consent form to join this Action is filed through November 15, 2023, the date of preliminary approval. (*Id.*). In addition, as of the Effective Date, Plaintiff will generally release Defendant from all claims she has or might have against Defendant. (Cottrell Prelim. Decl., ¶ 85; ECF No. 119-1, ¶ III.F.3).

**IV.    ARGUMENT**

**A.    Class Action Settlements are Favored in the Ninth Circuit.**

A class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement requires three steps: (1) preliminary approval of the proposed

---

[7] "Effective Date" means the date by which the Court has finally approved the Settlement and the Final Approval Order and Judgment entered by the Court disposing of all issues in this Action ("Judgment") has become final. (ECF No. 119-1, ¶¶ I.O, I.U). The Judgment becomes "final" on the last of the following dates, as applicable: (1) if no objection to the Settlement is made, the date after the Court finally approves the Settlement; (2) if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the day after the last date on which a notice of appeal from the Judgment may be filed and none is filed; (3) if Judgment is entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. (*Id.* at ¶ I.P).

Plaintiff's Unopposed Motion for Final Approval of
Class and Collective Action Settlement; MPA – Page **17**
Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

settlement upon a written motion; (2) dissemination of notice of the settlement to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Manual for Complex Litigation, Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, *supra*, at 1020.

In the FLSA context, Court approval is required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether a FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015). Most courts within the Ninth Circuit, however, first consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, *supra*, at *4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*

Plaintiff's Unopposed Motion for Final Approval of
Class and Collective Action Settlement; MPA – Page **18**
Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Stores*, 679 F.2d, at 1354; *Otey*, 2015 WL 153266 at *4; *see also Grewe v. Cobalt Mortg., Inc.,* No. C16-0577-JCC, 2016 U.S. Dist. LEXIS 98224, at *2–3 (W.D. Wash. July 27, 2016) (looking to factors such as the risk, expense, complexity, likely duration of litigation, and reaction of putative members to the proposed settlement, among others, in considering the fairness of settlement).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover, when reviewing a motion for approval of a class action settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties" and should therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Fenn v. Hewlett-Packard Co.*, No. 1:11-cv-00244-BLW, 2012 U.S. Dist. LEXIS 181586, at *2–3 (D. Idaho Dec. 21, 2012) ("Thus, a proposed class action settlement should 'be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'").

Applying this standard of review to other federal and state-law wage and hour class actions, federal courts in the Ninth Circuit routinely approve class and collective settlements similar to that reached in this case. *See, e.g., Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 U.S. Dist. LEXIS 147176, at *2 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington law claims); *Jones, et al. v. CertifiedSafety, Inc.*, Case No. 3:17-cv-02229-EMC, ECF 232 (N.D. Cal. June 1, 2020) (same);

Plaintiff's Unopposed Motion for Final Approval of
Class and Collective Action Settlement; MPA – Page **19**
Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Soto, et al. v. O.C. Commc'ns, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 299, 305 (N.D. Cal. Oct. 23, 2019) (same).[8]

In its November 15, 2023 order, the Court already granted preliminary approval and conditionally certified the Class for settlement. ((ECF No. 123). Accordingly, the only step that remains is final approval of the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions of federal district courts.

**B.      The Best Practicable Notice was Provided to the Class Members.**

Pursuant to the Court's preliminary approval order, independent administrator Phoenix sent the Court-approved Notice to the Class Members in accordance with the terms of the Settlement. (*See* Lee Decl., ¶ 5). Phoenix sent 690 Notices via U.S. Mail, with six Notices re-mailed as a result of thorough skip tracing efforts. (*Id.*). Two additional individuals were added during the response period, and Phoenix distributed the Notice to them on January 26, 2024. (Lee Decl., ¶ 6).

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses

---

[8] *See also O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 U.S. Dist. LEXIS 157070, at *12 (N.D. Cal. Sep. 13, 2019) (granting final approval of a settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2017 U.S. Dist. LEXIS 23220, at *2 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-CV-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897, 2014 U.S. Dist. LEXIS 140951, at *1 (D. Or. Oct. 1, 2014) (granting final approval of a settlement that included both FLSA and Oregon law claims).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

constitutes the requisite effort. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

The Settlement Administrator followed all of the procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all Class Members received the Notice.

Of the 692 notices distributed via U.S. Mail, zero Notices remained undeliverable following skip-tracing and other techniques to verify current mailing addresses. (Lee Decl., ¶ 7). The Notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. (Cottrell Prelim. Decl., ¶ 96). Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

### C.    The Settlement Warrants Final Approval.

In deciding whether to approve a proposed class action settlement, the Court must find that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625. Included in this analysis are considerations of: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Importantly, courts apply a presumption of fairness if, as is the case here, "the settlement is recommended by class counsel after arm's length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

"a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the Court should find that the Settlement is fair, reasonable, and adequate, and finally approve it as to the Class and the Opt-In Plaintiffs.

### 1. The Settlement is Entitled to a Presumption of Fairness Because it is the Product of Informed, Non-Collusive, Arm's Length Negotiations

Courts routinely presume a settlement is fair where it is reached through arm's length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826 at *14. This Settlement was a product of non-collusive, arm's length negotiations. (Cottrell Prelim. Decl., ¶ 82). The Settlement was reached after two full-day mediations with a neutral mediator. (*Id.*). The parties then spent several months negotiating the material terms of the Settlement and several rounds of meet and confer and correspondence related to the form and content of the Notice. (*Id.*). Plaintiff is represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members. (*Id.* at ¶ 84; Murray Decl., ¶¶ 4–7).

### 2. The Class Members Support the Settlement

The Ninth Circuit and other federal courts make clear that the number or percentage of class members who object to or opt out of the settlement is a factor of great significance. *See Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F.Supp.2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Courts have found that a relatively low percentage of objectors or opt outs is a very strong indicator of fairness that factors heavily in favor of approval. *See, e.g., Cody v. Hillard*, 88 F.Supp.2d 1049, 1059–60 (D.S.D. 2000) (approving the settlement in large part because only 3% of the apparent class had

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

objected to the settlement).

To date, with the notice period closed, no Class Members have objected to the Settlement, no Class Members have opted out, and no Class Members have requested exclusion. (Lee Decl., ¶¶ 8, 9). This indicates widespread support for the Settlement among Class Members, and this factor weighs heavily in favor of final approval.

### 3. The Action Involves Significant Risk and the Possibility of Extensive Further Litigation

While Plaintiff is confident in the strength of her case, recovery of the damages and penalties discussed above would require overcoming procedural and substantive challenges, such as class certification and ultimate success on the merits, as to all of Plaintiff's claims across the entire Class.

Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 U.S. Dist. LEXIS 218152, at *15 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc.*, *Wage & Hour Emp't Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

While Plaintiff is confident that she would establish that common policies and practices give rise to the off-the-clock work for the patient care staff at issue here, Plaintiff acknowledges that the off-the-clock work was performed at a number of different departments under different supervisors. (ECF No. 119, ¶ 78). In addition, Plaintiff's meal break and off-the-clock claims were premised on being able to establish that all patient care workers were "on call" because they

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

had a duty to care for their patients and to respond to emergencies even during their off-duty meal breaks. (*Id.*). With those considerations in mind, Plaintiff recognizes that obtaining class certification would present an obstacle, with the risk that the Class Members might only be able pursue individual actions in the event that certification were denied. (*Id.*).

Certification of off-the-clock work claims is further complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiff would likely face motions for decertification as the case progressed. (*Id.*). The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. (*Id.* at ¶ 75). If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if this Settlement Agreement were not approved), Class Counsel estimates that fees and costs would increase significantly. (*Id.*). The class and collective action claims would require substantial additional preparation and discovery. (*Id.*). It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. (*Id.*).

In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and very substantial recovery for the Class Members. (ECF No. 119, ¶ 81). Such a result will benefit the Parties and the court system. (*Id.*). It will bring finality to the past two years of litigation and will foreclose the possibility of expanding litigation. (*Id.*).

### 4. The Settlement Amount Favors Approval

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., See, e.g., Rodriguez v. W. Publ'g*

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

*Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30 percent of the damages estimated by the class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10 percent of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, 2016 WL 5907869 at *7 (approving wage and hour settlement which represented 8.1% of the total verdict value).

A review of the Settlement reveals the fairness, reasonableness, and adequacy of its terms. (Cottrell Prelim. Decl., ¶ 66). The Gross Settlement Amount of $2,900,000.00 represents approximately 20% of the $14,618,668.36 that Plaintiff calculated for Defendant's total potential exposure (including penalties and liquidated damages). (*Id.*). Again, these estimated figures are based on a best-case-scenario. To obtain such a result at trial, Plaintiff would have to prove that each of the Class Members worked off-the-clock for 0.5 hours in each workday and that Defendant acted knowingly or in bad faith. (*Id.* at ¶ 67). These figures would of course be contested. (*Id.*). The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation.

### 5.   Extensive Informal Discovery has been Completed.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Bell v. Consumer Cellular, Inc.*, No. 3:15-cv-941-SI, 2017 U.S. Dist. LEXIS 95401, at *11 (D. Or. June 21, 2017); *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 946 (9th Cir. 2011); *Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Here, the parties engaged in extensive formal and informal discovery that has enabled both sides to assess the claims and potential defenses in this action. (Cottrell Prelim. Decl., ¶ 71; ECF No. 118). Plaintiff served three sets of discovery on Defendant, to which Defendant responded. (Cottrell Fee Decl., ¶ 14). Plaintiff deposed Defendant's PMK, as well as six of Defendant's managers and directors. (*Id.* at ¶ 15). Defendant served one set of discovery on Plaintiff, to which Plaintiff responded. (*Id.* at ¶ 16). Defendant served discovery on 11 Opt-In Plaintiffs, to which the Opt-In Plaintiffs objected and responded. (*Id.*). Additionally, Defendant deposed Plaintiff. (*Id.*). Further, Defendant produced 2,376 pages of documents including the personnel file and records of Plaintiff, policy documents and internal meetings notes as well as time and pay records for the Class. (Cottrell Prelim. Decl., ¶ 71).

Class Counsel also interviewed approximately 100 Class Members regarding their employment and the claims alleged. (Cottrell Prelim. Decl., ¶ 14). These interviews combined with the extensive discovery and depositions allowed Plaintiff to accurately assess the legal and factual issues that would arise if the case proceeded to trial.

### 6.  Class Counsel are Highly Experienced

Where counsel is well-qualified to represent the class and collective in settlement negotiations, based on their extensive class action experience and familiarity with the strengths and weaknesses of the case, courts find this factor to support a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight."); *Bell*, 2017 U.S. Dist. LEXIS 95401 at *11 (considering the experience and views of counsel as one of the factors guiding approval of settlement).

In reaching this Settlement, Class Counsel relied on their substantial litigation experience in similar wage and hour class and collective actions. (Cottrell Prelim. Decl., ¶¶ 5–7; Murray

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Decl., ¶¶ 4–7). Class Counsel used their skill and expertise in performing liability and damages evaluations that were premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Class Members' pay. (Cottrell Prelim. Decl., ¶ 73). Ultimately, facilitated by the mediator, the parties used this information and discovery to fairly resolve the litigation for $2,900,000.00. (*Id.* at ¶ 74). Class Counsel believe that Plaintiff has achieved a strong settlement in light of all the risks and that the proposed Settlement achieves an excellent result for Class Members. (*Id.* at ¶ 37).

### D. The Court Should Finally Certify the Class.

In its November 15, 2023 preliminary approval order, the Court granted conditional certification of the Class. (ECF No. 123, ¶ 3). Now that the Notice has been disseminated, the Court should finally certify the Class in its Final Approval Order and Judgment. The Class meets all of the requirements for final approval as set forth below.

### 1. The Class is Numerous and Ascertainable

The numerosity prerequisite demands that a class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members. *See, e.g., Rannis v. Recchia*, 380 F. App'x 646, 648 (9th Cir. 2010); *Burney v. Dolich*, No. 3:14-cv-01005-AC, 2019 U.S. Dist. LEXIS 29836, at *45 (D. Or. Feb. 25, 2019). Here, there are approximately 692 Class members, who have been identified from Defendant's records, easily satisfying numerosity and ascertainability. (Lee Decl., ¶ 6).

### 2. Plaintiff's Claims Raise Common Legal and Factual Issues

The commonality requirement of Rule 23(a)(2) only requires a single common question of law or fact. *Lane v. Kitzhaber*, 283 F.R.D. 587, 598 (D. Or. 2012); *see also Rolex Emps. Ret. Tr. v. Mentor Graphics Corp.*, 136 F.R.D. 658, 660 (D. Or. 1991) ("It is only necessary that there

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

be at least one issue, the resolution of which will affect all or a significant number of the putative class members."). "Indeed, Rule 23(a)(2) has been construed permissively." *Swearingen v. Amazon*, No. 3:19-cv-1156-JR, 2021 U.S. Dist. LEXIS 247173, at *10 (D. Or. July 19, 2021) (citing *Hanlon,* 150 F.3d at 1019). Plaintiff "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.*

Common questions of law and fact predominate here, satisfying paragraphs (a)(2) and (b)(3) of Rule 23, as alleged in the operative complaint. Defendant has uniform policies applicable to the Class Members. (Cottrell Prelim. Decl., ¶ 54). Specifically, Plaintiff alleges that the Class Members all perform the same primary job duties—providing direct patient care services, completing medical paperwork and charting, responding to patients' medical needs, and communicating with doctors, hospital personnel, patients, and their families. (*Id.* at ¶ 55; ECF Nos. 30, 118). Class Members are subject to the same hiring and training process; timekeeping, payroll, and compensation policies; and meal and rest period policies and practices, including the automatic deduction for meal periods when that practice was in effect and the requirement to clock out for a meal period regardless of whether one was taken. (*Id.*). Plaintiff alleges the wage and hour violations are the result of Defendant's standardized policies, practices, and procedures that impact these direct patient care workers in the same ways, creating common issues of fact and law that are amenable to resolution on a class-wide basis. (*Id.*). Because these questions can be resolved at the same juncture, Plaintiff contends the commonality requirement is satisfied for the Class. (*Id.*).

### 3. Plaintiff's Claims are Typical of the Claims of the Class

Rule 23(a)(3) "requires Plaintiff to establish that the class representative's claim is typical

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

of the claims of the class." *Villanueva v. Liberty Acquisitions Servicing, LLC*, 319 F.R.D. 307, 326 (D. Or. 2017). "Under the rule's permissive standards, a representative's claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiff contends that her claims are typical of those of all other Class Members. (Cottrell Prelim. Decl., ¶ 57). The Class Members were subject to the same alleged illegal policies and practices that form the basis of the claims asserted by Plaintiff in this case. (*Id.*). Interviews with Class Members and review of timekeeping and payroll data confirm that these non-exempt patient care employees were subjected to the same alleged illegal policies and practices to which Plaintiff alleges she was subjected. (*Id.*). Thus, Plaintiff contends the typicality requirement is also satisfied. (*Id.*).

### 4. Plaintiff and Class Counsel will Adequately Represent the Class

To meet the adequacy of representation requirement in Rule 23(a)(4), Plaintiff must show "(1) that the proposed representative plaintiff have no conflicts of interest with the proposed class; and (2) that plaintiffs are represented by qualified and competent counsel. *Villanueva*, 319 F.R.D. at 327. Here, Plaintiff's claims are in line with and not antagonistic to the claims of Class Members. (Cottrell Prelim. Decl., ¶ 58; Kelley Decl., ¶ 13). Plaintiff has prosecuted this case with the interests of the Class Members in mind, through representation by Class Counsel with extensive experience in class action and employment litigation, including wage and hour class actions. (Kelley Decl., ¶ 13; Cottrell Prelim. Decl., ¶¶ 5–7, 37; Murray Decl., ¶¶ 4–7).

### 5. Rule 23(b) is also Satisfied

Under Rule 23(b)(3), Plaintiff must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang*, 737 F.3d at 545.

Here, Plaintiff contends the common questions raised in this action predominate over any individualized questions concerning the Class. (Cottrell Prelim. Decl., ¶ 60). Specifically, predominant common questions of law and fact include: (a) whether Defendant failed to pay regular and overtime wages to non-exempt patient care workers performing work during their unpaid meal breaks; (b) whether Defendant implemented a rounding policy that systematically and regularly rounds employees' recorded work time down in a non-neutral manner, resulting in underpayment of regular and overtime wages; and (c) whether patient care workers were forced to work off-the-clock before and after their shifts by the policies of Defendant. (*Id.*). The Class is entirely cohesive because resolution of Plaintiff's claims hinge on the uniform policies and practices of Defendant, rather than the treatment the Class Members experienced on an individual level. (*See id.*). As a result, Plaintiff contends the resolution of these alleged class claims would be achieved through the use of common forms of proof, such as Defendant's uniform policies, and would not require inquiries specific to individual Class Members.

Further, Plaintiff contends the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. (Cottrell Prelim. Decl., ¶ 61). To determine whether the class approach is superior, courts consider: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

Here, the Class Members do not have a strong interest in controlling their individual claims. (Cottrell Prelim. Decl., ¶ 62). The Action involves hundreds of workers with very similar,

Plaintiff's Unopposed Motion for Final Approval of
Class and Collective Action Settlement; MPA – Page **30**
Case No. 3:20-cv-02196-SB

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

but relatively small, claims for monetary injury. (*Id.*). If the Class Members were to prosecute their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding. (*Id.*). Thus, Plaintiff contends the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. (*Id.*).

The issues raised in this case are much better handled collectively by way of a settlement. Manageability is not a concern in the settlement context. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement provides finality, ensures that workers receive substantial redress for their claims, and avoids clogging the legal system with numerous cases. (Cottrell Prelim. Decl., ¶ 64). Accordingly, class treatment is efficient and warranted, and the Court should certify the Class for settlement purposes.

### 6. The Class Representative Service Payment and Requested Attorneys' Fees and Costs are Reasonable.

In approving the Settlement, the Court must determine whether "the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. Likewise, in evaluating the Settlement, the Court must evaluate Plaintiff's request for attorneys' fees and costs pursuant to the terms of the Settlement.

In their Unopposed Motion for Attorneys' Fees, Costs, and a Service Award ("Fee Motion"), filed on January 23, 2024, Class Counsel requested attorneys' fees of one third of the Gross Settlement Amount, or $966,666.66, plus reimbursement of costs in the amount of

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

$21,972.00.[9] (ECF Nos. 125; 126, ¶ 28). Class Counsel also requested a service award of $15,000.00 to compensate Plaintiff for her efforts and the significant risk she faced in prosecuting the Action and achieving the Settlement. (*Id.*). As the Court noted in its order granting preliminary approval of the Settlement, Defendant does not oppose these requests. (ECF No. 123, ¶¶ 11, 12).

Plaintiff sets forth the arguments in support of the requested attorneys' fees, costs, and service award in full in the Fee Motion and does not repeat those arguments here. For the reasons set forth in that motion, the Court should grant final approval of the requested fees, costs, and service award.

## V.    THE COURT SHOULD APPROVE THE PROPOSED SCHEDULE

Lastly, Plaintiff respectfully requests that the Court approve the following implementation schedule, in accordance with the Settlement.

| | |
|---|---|
| Effective Date. | The date by which the Court has finally approved the Settlement and the Final Approval Order and Judgment entered by the Court disposing of all issues in this Action ("Judgment") has become final, which will occur on the last of the following dates, as applicable: (1) if no objection to the Settlement is made, the date after the Court finally approves the Settlement; (2) if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the day after the last date on which a notice of appeal from the Judgment may be filed and none is filed; (3) if Judgment is entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. (ECF No. 119-1, ¶¶ I.O, I.P, I.U). |
| Deadline for Defendant to fund the Gross Settlement Amount by depositing the money with Phoenix. | Within ten (10) business days of the Effective Date. (ECF No. 119-1, ¶ III.E.9). |
| Deadline for Phoenix to pay the Settlement Shares to Participating Class Members and Opt-In Plaintiffs; | Within ten (10) business days after Defendant funds the Gross Settlement Amount. (ECF No. 119-1, ¶ III.E.9). |

---

[9] Since the filing of the fee motion, Class Counsel's costs have increased slightly to $22,035.41. (Lee Decl., ¶ 13; Murray Decl., ¶ 10; Zinovyev Decl., ¶ 3).

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

| | |
|---|---|
| the Class representative Service Payment to Plaintiff; Class Counsel's attorneys' fees and costs; and its own costs. | |
| Check-cashing deadline. | 180 days after issuance. (ECF No. 119-1, ¶ III.E.11). |
| Deadline for Phoenix to send reminders to Participating Class Members and Opt-In Plaintiffs who have not cashed their checks. | 120 days after issuance. (ECF No. 119-1, ¶ III.E.11). |
| Deadline for Phoenix to redistribute funds from uncashed Settlement Share checks to those Class Members and Opt-In Plaintiffs who cashed their Settlement Share checks or to the *cy pres* recipient, as applicable | Upon expiration of the 60-day period following the reminder notice. (ECF No. 119-1, ¶ III.E.11, III.E.12). |
| Deadline for Phoenix to provide a final report regarding the disbursements of all funds from the Gross Settlement Amount to counsel for all parties and the Court. | Within ten (10) days after final disbursement of all funds from the Gross Settlement Amount. |

## VI.  **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement and enter the accompanying proposed Final Approval Order and Judgment.

Date: March 1, 2024                    Respectfully Submitted,

                              */s/ Carolyn H. Cottrell*
                              Jennifer Rust Murray, OSB No. 100389
                              **TERRELL MARSHALL**
                              **LAW GROUP PLLC**
                              936 North 34th Street, Suite 300
                              Seattle, Washington 98103-8869
                              Phone: (206) 816-6603
                              Fax: (206) 319-5450
                              jmurray@terrellmarshall.com

                              Carolyn H. Cottrell (*pro hac vice*)
                              Ori Edelstein (*pro hac vice*)
                              Eugene Zinovyev (*pro hac vice*)
                              **SCHNEIDER WALLACE**
                              **COTTRELL KONECKY LLP**
                              2000 Powell Street, Suite 1400

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com

*Attorneys for Plaintiff, Class, and Collective Members*

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 6943 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.


                                        _/s/ Carolyn H. Cottrell_____
                                        Carolyn H. Cottrell

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 ● Fax: (415) 421-7105