# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| CHARLENE KELLEY, Individually and on Behalf of the Class Members,<br><br>Plaintiff,<br><br>v.<br><br>WILLAMETTE VALLEY MEDICAL CENTER, LLC,<br><br>Defendant. | Case No. 3:20-cv-02196-SB<br><br>CLASS ACTION<br><br>FINAL APPROVAL ORDER AND JUDGMENT |

The Motion for Final Approval of Class and Collective Action Settlement ("Motion") filed by Plaintiff Charlene Kelley came for hearing in the above-captioned court on June 12, 2024, the Honorable Stacie F. Beckerman presiding. Defendant Willamette Valley Medical Center, LLC does not oppose the Motion.

In her Complaint, Plaintiff alleges that Defendant violates the Fair Labor Standards Act ("FLSA") and the wage and hour laws of Oregon by failing to pay overtime in violation of ORS § 653.261, making unlawful deductions from wages in violation of ORS § 652.610, engaging in meal break violations in violation of OAR 839-020-0050, and failing to pay overtime in violation of the FLSA, 29 USC §§ 207 and 255(a).

Specifically, Plaintiff alleges that she and the Class Members were denied duty-free and uninterrupted meal breaks as a result of Defendant's policy requiring them to remain on-call during their off-duty meal breaks and otherwise perform work while on break. Plaintiff also alleges that Defendant automatically deducted a 30-minute unpaid meal break from her and the Class Members' pay, even in circumstances where their breaks were interrupted or cut short. Plaintiff also alleges that Defendant requires its patient care workers to clock in no earlier than seven minutes before they are scheduled and clock out no later than the scheduled end of their shift, even though such workers are required to perform work before and after clocking in. Finally, Plaintiff alleges that Defendant implements an unlawful time-rounding practice where recorded time is automatically rounded to the nearest 15-minute increment.

After informal discovery and investigation by Plaintiff's counsel, the parties participated in two full-day mediation sessions presided over by Lou Peterson, a respected mediator of wage and hour class actions.

///

As a result of that mediation, on June 13, 2023, the parties reached a global settlement that resolves all of the claims in this action as to the 692 Class Members and Opt-In Plaintiffs. The parties then extensively negotiated, drafted, and executed the Class and Collective Action Settlement Agreement ("Settlement Agreement" or "Settlement") filed in the record at ECF No. 119-1.

Plaintiff filed an Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement on October 23, 2023. (ECF No. 118). The Court granted the motion on November 15, 2023. (ECF No. 123). Before the Court is the last stage of the settlement approval process: final approval of the Settlement. Plaintiff has separately moved for approval of attorneys' fees and costs and the service award for the Class Representative.

At the final approval hearing was Schneider Wallace Cottrell Konecky LLP and Terrell Marshall Law Group PLLC for the Plaintiff, Class, and Collective members, and Holland & Knight on behalf of Willamette Valley Medical Center, LLC.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court **HEREBY ORDERS** as follows:

1. The Court has jurisdiction over the claims of the Participating Class Members and Opt-In Plaintiffs asserted in this proceeding and over all parties to the action.

2. The Court finds that zero Class Members have objected to the Settlement and zero Class Members have requested exclusion from the Settlement. Additionally, approximately 91 Collective Members have filed valid opt-in forms.

3. The Court hereby **GRANTS** final approval of the terms and conditions contained in the Settlement, as to the Participating Class Members and Opt-In Plaintiffs. The Court finds

the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

    4.    The Court finds that: (1) the settlement amount is fair and reasonable as to the Participating Class members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds the Settlement was entered into in good faith.

    5.    The Court hereby makes final its certification of the provisional Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as all current and former hourly, non-exempt employees employed by Defendant in Oregon at any time from December 18, 2014 through August 30, 2023, in one or more of the job classifications listed in the Settlement. The FLSA Collective is defined as all current and former hourly, non-exempt employees employed by Defendant in Oregon in one or more of the job classifications listed in the Settlement at any time from December 18, 2017 through August 30, 2023 and who filed consents to join this Action on or before August 30, 2023.

    6.    The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds the terms of the Settlement are within the range of possible approval, pursuant to the Fair Labor Standards Act and applicable law.

///

7. The Court finds that: (1) the settlement amount is fair and reasonable to the FLSA Collective Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds that the Settlement was entered into in good faith as to the FLSA Collective Members.

8. The Court hereby finally appoints Schneider Wallace Cottrell Konecky LLP ("SWCK") and Terrell Marshall Law Group PLLC ("TMLG") as Class Counsel, and the Court hereby conditionally appoints Plaintiff Charlene Kelley as the Class Representative and as representative for the FLSA Collective.

9. The Court finds the approved Class and Collective Notice Packet ("Class Notice") (ECF No. 119-1, pp. 30–36) constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds the Class Notice fully and accurately informed the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in this hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not submit a request for exclusion are bound by this Final Approval Order and Judgment.

///

10. The Court further finds that the Class Notice fully and accurately informed the Collective Members of all material elements of the proposed Settlement and of their right to opt into the Settlement. Accordingly, the Court determines that all Opt-In Plaintiffs are bound by this Final Order and Judgment.

11. The Court **FINALLY APPROVES** a service award of $15,000.00 for Plaintiff, and finds that this award is fair and reasonable for the work this individual provided to the Class and Collective and the broader release she executed than the Class Members and Opt-In Plaintiffs.

12. The Court **FINALLY APPROVES** Class Counsel's request for attorneys' fees of one third of the Gross Settlement Amount, for a total of $966,666.66 in fees. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiff and the Class and Collective, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the average hourly rate of SWCK and TMLG is reasonable, and that the estimated hours expended are reasonable.

13. The Court **FINALLY APPROVES** Class Counsel's request for litigation costs in the amount of $22,035.41.

14. The Court confirms the appointment of Phoenix Class Action Administration Solutions ("Phoenix") as Settlement Administrator and approves its reasonable administration costs of $12,500.00, which are to be paid from the Gross Settlement Amount.

15. The Court approves Legal Aid Service of Oregon as the *cy pres* recipient in the event there are funds remaining.

16. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the following implementation schedule.

| | |
|---|---|
| Effective Date. | The date by which the Court has finally approved the Settlement and the Final Approval Order and Judgment entered by the Court disposing of all issues in this Action ("Judgment") has become final, which will occur on the last of the following dates, as applicable: (1) if no objection to the Settlement is made, the date after the Court finally approves the Settlement; (2) if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the day after the last date on which a notice of appeal from the Judgment may be filed and none is filed; (3) if Judgment is entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. (ECF No. 119-1, ¶¶ I.O, I.P, I.U). |
| Deadline for Defendant to fund the Gross Settlement Amount by depositing the money with Phoenix. | Within ten (10) business days of the Effective Date. (ECF No. 119-1, ¶ III.E.9). |
| Deadline for Phoenix to pay: the Settlement Shares to Participating Class Members and Opt-In Plaintiffs; the Class representative Service Payment to Plaintiff; Class Counsel's attorneys' fees and costs; and its own costs. | Within ten (10) business days after Defendant funds the Gross Settlement Amount. (ECF No. 119-1, ¶ III.E.9). |
| Check-cashing deadline. | 180 days after issuance. (ECF No. 119-1, ¶ III.E.11). |
| Deadline for Phoenix to send reminders to Participating Class Members and Opt-In Plaintiffs who have not cashed their checks. | 120 days after issuance. (ECF No. 119-1, ¶ III.E.11). |
| Deadline for Phoenix to redistribute funds from uncashed Settlement Share checks to those Class Members and Opt-In Plaintiffs who cashed their | Upon expiration of the 60-day period following the reminder notice. (ECF No. 119-1, ¶ III.E.11, III.E.12). |

| | |
|---|---|
| Settlement Share checks or to the *cy pres* recipient, as applicable | |
| Deadline for Phoenix to provide a final report regarding the disbursements of all funds from the Gross Settlement Amount to counsel for all parties and the Court. | Within ten (10) days after final disbursement of all funds from the Gross Settlement Amount. |

17. The Court further **ORDERS** that, pending further order of this Court, all proceedings in the Action, except those contemplated herein and in the Settlement, are stayed.

18. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

19. The Court permanently enjoins all of the Participating Class Members and Opt-In Plaintiffs from pursuing, or seeking to reopen, any released claims (as defined in the Settlement at Paragraph III.F) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph I.CC) as of the Effective Date.

20. The Court dismisses the above-captioned Action with prejudice and **HEREBY ENTERS JUDGMENT** consistent with the Settlement and this Order to so dismiss the Action. Accordingly, The Court **HEREBY ORDERS, ADJUDGES, AND DECREES** that all Participating Class Members and all Opt-In Plaintiffs are permanently enjoined and barred from prosecuting against any released claims (as defined in the Settlement at Paragraph III.F) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph I.CC) as of the Effective Date.

21. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

Dated: June 12, 2024

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge